

**MM**
Miedel & Mysliwiec LLP

October 18, 2021

<u>VIA ECF</u>
Hon. Andrew L. Carter, Jr.
United States District Court Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

RE:     <u>United States v. Stanley McCleave</u>
          <u>16-Cr-415(ALC)</u>

Dear Judge Carter:

On August 28, 2008, a judge in the Eastern District of Tennessee sentenced Stanley McCleave to concurrent 97-month terms of imprisonment, following his guilty pleas to possession of child pornography and receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (4)(B). *See* Judgment, Exhibit A. The Court also imposed lifetime terms of supervised release. *Id.* Mr. McCleave served his sentence and was released on February 5, 2014, commencing his supervised release. In June 2016, jurisdiction for Mr. McCleave's case was transferred from the Eastern District of Tennessee to the Southern District of New York, and the case was assigned to this Court. *See* ECF No. 1. Mr. McCleave has now served over seven and a half years on supervised release. For the reasons set forth below, and without opposition from the Department of Probation, I respectfully request that the Court terminate Mr. McCleave's supervised release pursuant to 18 U.S.C. § 3583(e)(1).

First and foremost, in almost eight years of supervised release, Mr. McCleave has demonstrated a commitment to living a crime-free and productive life. Other than a minor incident in 2017, the Probation Department reports that Mr. McCleave has been fully compliant with the terms of his supervised release. He willingly and enthusiastically participates in group and individual therapy, and he has passed all of his Probation Department administered polygraph tests. Mr. McCleave's current Probation Officer, Darryl Spencer has notified counsel that Mr. McCleave is doing well on supervised release and that he therefore does not oppose this application.

As the Court is aware, Mr. McCleave, who had no prior criminal record, was sentenced to 97 months' incarceration, a term of imprisonment well above what defendants can typically expect to receive in the Eastern and Southern Districts of New York for basic receipt and

possession of child pornography offenses.[1]  During the last 18 months of his imprisonment, Mr. McCleave was accepted into his facility's RDAP program, which in his case aggressively treated not only drug addiction but also sex offenses. He completed the program successfully, and consequently earned one year off his sentence.

While in a halfway house after his release, Mr. McCleave began attending classes at the Fortune Society centered on re-entering the job market. His first job entailed teaching former inmates basic computer skills. After his release from the halfway house, Mr. McCleave stayed in his sister and brother-in-law's basement apartment in the Bronx, in a living space he himself renovated. While he was living there, the three of them had dinner together most nights, and Mr. McCleave helped with repairs, cleaning, and cooking.

Mr. McCleave knew he eventually wanted to live by himself, but he had several requirements for an apartment of his own, including affordability, proximity to his family, cleanliness, and ease of access to his job. He credits the stability of his previous living situation with allowing him to take his time to find an apartment that fit his criteria. After eight months of active searching, in August 2021, Mr. McCleave moved into a unit that checks all his boxes. He is now living just four blocks from his sister and brother-in-law, with whom he still eats dinner once or twice a week, in a clean, rent-stabilized building with an attentive landlord. Beyond the quality-of-life improvements he has experienced since moving to his own place, Mr. McCleave is proud that he has managed to accomplish one of his major goals.

But living on his own is not the only major goal that Mr. McCleave has accomplished in the past year. Since about 2015, Mr. McCleave has been employed at the New York Presbyterian Hospital Parking Center. He started as a driver and worked his way up to cashier and, eventually, location manager. He describes the work as very physical and fast-paced, and he often works up to 60 hours a week. In June 2021, he was promoted to facility manager, and now oversees 32 drivers and cashiers on a daily basis in addition to his auditing and other administrative responsibilities. His new role came with a 57% pay raise. He feels empowered by the respect and appreciation his supervisors have given him since he began working at the facility and is proud that the long, hard hours he has been dedicating to his job are finally starting to pay off.

The smaller goals Mr. McCleave has recently accomplished include successfully applying for health insurance through Medicare and making a group of friends with whom he regularly spends time. When not spending his free time with his friends, Mr. McCleave enjoys hiking in nature and taking photographs. He regularly walks in city parks and drives upstate to hike in the Catskills and places like Storm King State Park. He also volunteers with the Van Cortlandt Park Alliance by conducting surveys and helping on park improvement projects including trail maintenance, litter removal, and building pedestrian water crossings.

Mr. McCleave has completed nearly eight years of supervised release. His term of supervision is life – a sentence perhaps typical in the Eastern District of Tennessee, but certainly not in New York. Indeed, terms of supervised release for child pornography cases in

---

[1] As the stipulated factual basis contained in Mr. McCleave's plea agreement makes clear, there was nothing in his offense conduct that took it outside of the heartland of child pornography offenses routinely adjudicated in the New York federal courts. *See* Exhibit B, McCleave Plea Agreement, at 3-5.

the SDNY generally, and by this Court specifically, are commonly the five-year mandatory minimum term. *See, e.g., United States v. Flores*, 18-CR-207 (ALC), ECF No. 47 (SDNY Jan. 6, 2020) (imposing 5-year term of supervised release for child pornography possession conviction); *United States v. Francois*, 18-CR-630 (ALC), ECF No. 31 (SDNY June 20, 2019) (imposing 5-year term of supervised release for defendant convicted of possession of child pornography with prior conviction for same, thus facing 10-year mandatory minimum sentence); *see also United States v. Pagan*, 19-CR-320 (PGG), 2020 WL 6397931, at *1 (S.D.N.Y. Nov. 1, 2020) (imposing 5-year term of supervised release for defendant convicted of possession of child pornography); *United States v. Flores*, 14-CR-258-1 (RWS), 2015 WL 6656928, at *1 (S.D.N.Y. Oct. 30, 2015) (imposing 5-year term of supervised release for defendant convicted of possession of child pornography).

The Probation Department – specifically Officer Darryl Spencer – has concluded that given Mr. McCleave's overall compliance and positive outlook, a request for early termination will not be opposed. Given limited resources, it makes sense for the Probation Department to shift its focus to other defendants who require more assistance and oversight, and to relieve Mr. McCleave of the burden of indefinite supervision by the Court. By all indications, Mr. McCleave had done what he needs to live a productive and crime-free life. He does not need the Probation Department's services and does not present a concern for re-offending. The government, through AUSA Ashley Nicolas, informed me it takes no position as to this request.

Accordingly, I respectfully request the Court to terminate Mr. McCleave's supervision pursuant to 18 U.S.C. § 3583(e)(1).

Thank you for your consideration.

Sincerely,

/s/

Aaron Mysliwiec
*Attorney for Stanley McCleave*

Cc:    USPO Darryl Spencer (via email)
       AUSA Ashley Nicolas (via ECF)

# Exhibit A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 1 7 2016

**EDTN**   Judgment in a Criminal Case (Rev. 3/04)
Sheet 1

# United States District Court
## Eastern District of Tennessee

UNITED STATES OF AMERICA
v.
STANLEY ELDRIDGE MCCLEAVE

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:   3:07-CR-00166-001

Douglas Trant
Defendant's Attorney

### THE DEFENDANT:

[✓]   pleaded guilty to count(s): 1 and 2 of the Indictment
[ ]   pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:2252(a)(2) | Receipt of Child Pornography that had traveled in Interstate Commerce | November 20, 2006 | 1 |
| 18:2252(a)(4)(B) | Possession of Child Pornography that had traveled in Interstate Commerce | February 27, 2007 | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment and the Statement of Reasons. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. §3553.

[ ]   The defendant has been found not guilty on count(s) ___.

[ ]   Count(s) ___ [] is [] are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

August 28, 2008
Date of Imposition of Judgment

s/Thomas W. Phillips
Signature of Judicial Officer

THOMAS W. PHILLIPS, United States District Judge
Name & Title of Judicial Officer

August 28, 2008
Date

EDTN Judgement in a Criminal Case (Rev. 3/04)
    Sheet 2 — Imprisonment

DEFENDANT:    STANLEY ELDRIDGE MCCLEAVE
CASE NUMBER:    3:07-CR-00166-001

Judgment - Page 2 of 6

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 97 months .

This term consists of 97 months for each of Counts One and Tow, such terms to run concurrently.

[✓]    The court makes the following recommendations to the Bureau of Prisons:

That the defendant receive 500 hours of substance abuse treatment from the Bureau of Prisons Residential Drug Abuse Treatment Program.

Also, that the defendant be placed in the BOP Facility located in Fort Dix, New Jersey.

[✓]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district:
    [ ] at ___ [] a.m.   [] p.m.  on ___.
    [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before 2 p.m. on ___.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
    DEPUTY UNITED STATES MARSHAL

DEFENDANT:     STANLEY ELDRIDGE MCCLEAVE
CASE NUMBER:   3:07-CR-00166-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Life .

This term consists of Life on each of Counts One and Two, such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✓]   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[✓]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ]   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)   the defendant shall support his or her dependants and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

EDTN Judgment in a Criminal Case (Rev.3/04)
Sheet 3A - Supervised Release

Judgment - Page 4 of 6

DEFENDANT:     STANLEY ELDRIDGE MCCLEAVE
CASE NUMBER:   3:07-CR-00166-001

# SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as he is released from the program by the probation officer.

2.  The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as he is released from the program by the probation officer. He shall waive all rights to confidentiality regarding mental health treatment in order to allow release of information to the supervising U.S. Probation Officer and to authorize open communication between the probation officer and the mental health treatment provider.

3.  The defendant shall take all medication prescribed by the treatment program as directed. If deemed appropriate by the treatment provider or the probation officer, he shall submit to quarterly blood tests to determine whether you are taking the medication as prescribed.

4.  The defendant shall participate in a program of sex offender mental health treatment, as directed by the probation officer, until such time as he is released from the program by the probation officer. He shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to the U.S. Probation Officer and to authorize open communication between the probation officer and the treatment provider.

5.  The defendant shall have no direct or third-party contact with the victims or any other children under the age of 18 without the prior written consent of the probation officer.

6.  The defendant shall not be at any residence where children under the age of 18 are residing without the prior written permission of the probation officer, nor shall he frequent or remain about any place where children under the age of 18 normally congregate or any business that targets child customers.

7.  The defendant shall not possess any printed photographs or recorded material that you may use for the purpose of deviant sexual arousal, nor shall he frequent any places where such material is available to you for the purpose of deviant sexual arousal.

8.  The defendant shall submit to any program of psychophysiological assessment at his own expense at the discretion of the probation officer to include the use of the Plethysmograph to assist in treatment, planning, and case monitoring. Any refusal to submit to such assessment as scheduled is a violation of the conditions of supervision.

9.  The defendant shall submit to polygraph testing at your own expense as directed by the probation officer to determine if he is in compliance with the conditions of supervision or to facilitate mental health treatment. Refusal to submit to such testing as scheduled is a violation of conditions of supervision.

10. The defendant shall not accept any employment or participate in any volunteer activities requiring unsupervised contact with children under the age of 18.

11. The defendant shall submit his person, residence, vehicle, or any area over which you exercise control to a search conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner without prior notice or search warrant to determine if he is in compliance with the condition of supervision which prohibits his possession of pornographic materials. Refusal to submit to such search is a violation of the conditions of supervision. He shall warn anyone with whom he shares residence that the premises may be subject to searches pursuant to this condition.

12. The defendant shall register with the state sex offender registration agency in any state where he resides, is employed, carries on a vocation, or is a student, as directed by the probation officer.

13. Title 18 U.S.C. §§ 3565(b) and 3583(g) require mandatory revocation of probation or supervised release for possession of a controlled substance or a firearm, or for refusal to comply with drug testing.

EDTN  Judgment in a Criminal Case (Rev.3/04)
Sheet 5 — Criminal Monetary Penalties

DEFENDANT:      STANLEY ELDRIDGE MCCLEAVE
CASE NUMBER:    3:07-CR-00166-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6. The assessment is ordered in accordance with 18 U.S.C. § 3013.

|         | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
| Totals: | $ 200.00   | $    | $           |

[]  The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[]  The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, if the United States is a victim, all other victims, if any, shall receive full restitution before the United States receives any restitution, and all restitution shall be paid to the victims before any restitution is paid to a provider of compensation, pursuant to 18 U.S.C. §3664.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|-----------------------|-------------------------------|------------------------------------------|
| TOTALS:       | $_                    | $_                            |                                          |

[]  If applicable, restitution amount ordered pursuant to plea agreement $ _

The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[]  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

[] The interest requirement is waived for the  [] fine  and/or  [] restitution.

[] The interest requirement for the  [] fine and/or  [] restitution is modified as follows:

(Signed)

_Stanley E McCleave_

Defendant

_[signature]_

U.S. Probation Officer / Designated Witness

Date  _2/⊄7/14_

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

EDTN Judgment in a Criminal Case (Rev. 3/04
Sheet 6 — Schedule of Payments

DEFENDANT:      STANLEY ELDRIDGE MCCLEAVE
CASE NUMBER:    3:07-CR-00166-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [✓] Lump sum payment of $ 200.00 due immediately, balance due

    [ ] not later than _, or
    [ ] in accordance with [ ] C, [ ] D, or [ ] E or [ ] F below; or

B  [ ]  Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C  [ ]  Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ]  Payment during the term of supervised release will commence within 0_ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [ ]  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Unless otherwise directed by the court, the probation officer, or the United States attorney, all criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to    . Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]  Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[✓ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

    (a)  Apple Power Mac G4, serial no. XB24802KMUM;
    (b)  Western Digital external disk, serial no. WMANM6766632;
    (c)  Lacie external disk, serial no. 135201965;
    (d)  Fantom Drives external disk, serial no. 250250;
    (e)  SURFboard SB4100 cable modem, serial no. 04820-10277009690303;
    (f)  CD Projects CD holder, containing 72 CDs containing child pornography;
    (g)  34 CDs (14 in cases) containing child pornography;
    (h)  Black CD case containing multiple CDs containing child pornography; and
    (i)  Zip and Floppy disks containing child pornography.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

**FILED**

2008 MAY -1 ꟼ 2: 41

UNITED STATES OF AMERICA )
)
v. )  3:07-CR-166
)  JUDGE PHILLIPS
STANLEY ELDRIDGE McCLEAVE )

U.S. DISTRICT COURT
EASTERN DIST. TENN.

_____ DEPT. CLERK

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of

Tennessee, and the defendant, Stanley Eldridge McCleave and the defendant's attorney, Douglas A.

Trant, have agreed upon the following:

1. The defendant will plead guilty to the following counts in the indictment:

(a) Count 1, receiving child pornography that had traveled in interstate commerce, in

violation of 18 U.S.C. § 2252(a)(2). The punishment for this offense is a five to twenty year term of

imprisonment; a fine of not more than $250,000; a five year to life period of supervised release; a

special assessment of $100; and forfeiture of property used or intended to be used to commit or

promote the commission of the offense, as set out in the indictment.

(b) Count 2, possessing child pornography that had traveled in interstate commerce,

in violation of 18 U.S.C. § 2252(a)(4)(B). The punishment for this offense is a term of

imprisonment not to exceed ten years; a fine up to $250,000; a five year to life period of supervised

release; a special assessment of $100; and forfeiture of property used or intended to be used to

commit or promote the commission of the offense, as set out in the indictment.

2. The parties agree that the appropriate disposition of this case would be the

following as to each count:

(a) The Court may impose any lawful term of imprisonment up to the statutory maximum;

(b) The Court may impose any lawful fine up to the statutory maximum;

(c) The Court may impose any lawful term of supervised release up to the statutory maximum;

(d) The Court will impose a special assessment fee as required by law; and

(e) The Court may order forfeiture as applicable and restitution as appropriate.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crimes must be proved beyond a reasonable doubt:

To prove Count 1, a violation of Section 2252(a)(2), the government must prove the following elements:

(1) That the defendant knowingly received a visual depiction through interstate or foreign commerce by any means, including computer;

(2) The production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; and

(3) Such visual depiction is of such conduct.

To prove Count 2, a violation of Section 2252(a)(4)(B), the government must prove the following elements:

(1) That the defendant knowingly possessed matter which contained a visual

2

depiction that had traveled in interstate and foreign commerce by any means, including computer;

      (2)    The production of such visual depiction involved a minor engaging in sexually explicit conduct; and

      (3)    The visual depiction is of such conduct.

      4.    In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. The defendant and the United States agree that particular provisions of the Sentencing Guidelines (Nov. 2007) are supported by the stipulation of facts set out below, namely §2G2.2, subsections: (a)(2) [base offense level of 22]; (b)(1) [no intent to traffic]; (b)(2) [prepubescent minors]; (b)(4) [sadistic or masochistic conduct]; (b)(6) [computer use]; (b)(7)(D) [more than 600 images] and Application Note 4.(B)(ii) [videos substantially more than 5 minutes]. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

      From approximately 1999 until on or about February 27, 2007, while in his residence at 805 Mountain View Avenue, Maryville, Tennessee, which is within the Eastern District of Tennessee, the defendant Stanley Eldridge McCleave received child pornography by downloading child pornography from internet web sites. He did so knowing that the images were visual depictions involving the use of minors engaging in sexually explicit conduct and the visual depictions were of such conduct. The images originated in and traveled from several different states and countries in interstate and foreign commerce. McCleave saved all the child pornography he

3

could find on the internet, because he never knew if he would be able to find it the next day. McCleave saved any image he encountered, and after filling his computer's hard drive capacity, he would copy the child pornography to compact discs (CD's). Specifically, in support of Count One of the indictment, on November 20, 2006, McCleave received a digital photograph labeled 111111262.jpg, which was a visual depiction involving the use of a prepubescent boy engaging in sexually explicit conduct with an adult male in Wisconsin, and that this visual depiction had traveled in interstate commerce before being received by McCleave at his residence in Maryville, Tennessee. McCleave last received and saved child pornography on February 26 or 27, 2007. McCleave stated to FBI SA Michael Ruibal that his collection of child pornography was 98% female children, but also included boys and babies. Specifically, in support of Count Two of the indictment, on February 27, 2007, the FBI executed a search warrant for McCleave's Maryville residence and found McCleave in possession of more than 17,000 images of child pornography, including at least 24 video-clips, several of which were longer than five minutes, to-wit: one of which was over 14 minutes in length, to-wit: "Volumes/sidecar12/cinema/Happy New Year-3.mpg;" one of which was 63 minutes in length, to-wit: "Volumes/sidecar12/cinema/Pthc - 1 Girl (Complete Sex With 11yo).avi;" and one of which was over 3 hours in length, to-wit: "Volumes/sidecar12/cinema/[ R@ygold - PTHC - Hussyfan ] 2 14yo russian girls fuck 1 men.avi".

The FBI investigation was able to positively identify the minor children in 1,747 still images and 24 videos possessed by McCleave, at which point the FBI stopped identifying children. Included in the images of identified minors, received and possessed by McCleave, were visual depictions involving the use of prepubescent minors and minors who had not attained the age of 12 years engaging in sexually explicit conduct. Also included in the images received and possessed by

4

McCleave were visual depictions involving the use of minors engaging in sexually explicit conduct which was sadistic or masochistic, exemplified by, but not limited to, prepubescent children in bondage while subjected to sexually explicit conduct.

5.     The defendant understands that by pleading guilty the defendant is giving up several rights, including:

      (a)   the right to plead not guilty;

      (b)   the right to a speedy and public trial by jury;

      (c)   the right to assistance of counsel at trial;

      (d)   the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

      (e)   the right to confront and cross-examine witnesses against the defendant;

      (f)   the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

      (g)   the right not to testify and to have that choice not used against the defendant.

6.     Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant 's offense level is 16 or greater, the United States agrees to move, at or before the time of sentencing, that the Court decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make

5

such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

7. The defendant agrees to pay the special assessments in this case totaling $200 prior to sentencing.

8. No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding the potential sentence in this case are not binding on the Court. The defendant understands that the sentence in this case will be determined by the Court after it receives the pre-sentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

9. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of 18 U.S.C. §2252(a)(2) or 18 U.S.C. §2252(a)(4)(B), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. The defendant agrees to forfeit the defendant's interest in the following properties:

(a) Apple Power Mac G4, serial no. XB24802KMUM;

6

(b) Western Digital external disk, serial no. WMANM6766632;

(c) Lacie external disk, serial no. 135201965;

(d) Fantom Drives external disk, serial no. 250250;

(e) SURFboard SB4100 cable modem, serial no. 04820-102770096990303;

(f) CD Projects CD bolder, containing 72 CDs containing child pornography;

(g) 34 CDs (15 in cases) containing child pornography;

(h) Black CD case containing multiple CDs containing child pornography; and

(i) Zip and Floppy disks containing child pornography.

The defendant further agrees to assist the United States fully in the identification, recovery and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

10. The defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant

7

agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the United States deems appropriate. Finally, the defendant and counsel agree that the defendant may be contacted regarding the collection of any fine and/or restitution without notifying counsel and outside the presence of counsel.

11.    (a) In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offenses committed, the defendant agrees not to file a direct appeal of the defendant's convictions or sentence, except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range as determined by the district court.

(b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's convictions and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

12.    The defendant acknowledges that he has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is employed; and where he is a student. The defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or

8

will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

13.     This agreement becomes effective once it is signed by the parties. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement, moves to withdraw the defendant's guilty pleas, or violates any court order or any local, state or federal law pending the resolution of this case, then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty pleas in this case.

14.     This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea

9

agreement can be modified only in writing signed by all of the parties and that any and all other

promises, representations, and statements whether made before, contemporaneous with, or after this

agreement, are null and void.

James R. Dedrick
United States Attorney

_May 1, 2008_
Date

By: _Charles A. Kandt_
Charles A. Kandt
Assistant United States Attorney

_04/30/08_
Date

_Stanley E. McCleave_
Stanley Eldridge McCleave
Defendant

_4/30/08_
Date

Douglas A. Trant
Attorney for Defendant

10