

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 11/17/21
```

October 18, 2021

**VIA ECF**
Hon. Andrew L. Carter, Jr.
United States District Court Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

                RE: **United States v. Stanley McCleave**
                        **16-Cr-415(ALC)**

Dear Judge Carter:

       On August 28, 2008, a judge in the Eastern District of Tennessee sentenced Stanley McCleave to concurrent 97-month terms of imprisonment, following his guilty pleas to possession of child pornography and receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (4)(B). *See* Judgment, Exhibit A. The Court also imposed lifetime terms of supervised release. *Id.* Mr. McCleave served his sentence and was released on February 5, 2014, commencing his supervised release. In June 2016, jurisdiction for Mr. McCleave's case was transferred from the Eastern District of Tennessee to the Southern District of New York, and the case was assigned to this Court. *See* ECF No. 1. Mr. McCleave has now served over seven and a half years on supervised release. For the reasons set forth below, and without opposition from the Department of Probation, I respectfully request that the Court terminate Mr. McCleave's supervised release pursuant to 18 U.S.C. § 3583(e)(1).

       First and foremost, in almost eight years of supervised release, Mr. McCleave has demonstrated a commitment to living a crime-free and productive life. Other than a minor incident in 2017, the Probation Department reports that Mr. McCleave has been fully compliant with the terms of his supervised release. He willingly and enthusiastically participates in group and individual therapy, and he has passed all of his Probation Department administered polygraph tests. Mr. McCleave's current Probation Officer, Darryl Spencer has notified counsel that Mr. McCleave is doing well on supervised release and that he therefore does not oppose this application.

       As the Court is aware, Mr. McCleave, who had no prior criminal record, was sentenced to 97 months' incarceration, a term of imprisonment well above what defendants can typically expect to receive in the Eastern and Southern Districts of New York for basic receipt and

possession of child pornography offenses.[1] During the last 18 months of his imprisonment, Mr. McCleave was accepted into his facility's RDAP program, which in his case aggressively treated not only drug addiction but also sex offenses. He completed the program successfully, and consequently earned one year off his sentence.

While in a halfway house after his release, Mr. McCleave began attending classes at the Fortune Society centered on re-entering the job market. His first job entailed teaching former inmates basic computer skills. After his release from the halfway house, Mr. McCleave stayed in his sister and brother-in-law's basement apartment in the Bronx, in a living space he himself renovated. While he was living there, the three of them had dinner together most nights, and Mr. McCleave helped with repairs, cleaning, and cooking.

Mr. McCleave knew he eventually wanted to live by himself, but he had several requirements for an apartment of his own, including affordability, proximity to his family, cleanliness, and ease of access to his job. He credits the stability of his previous living situation with allowing him to take his time to find an apartment that fit his criteria. After eight months of active searching, in August 2021, Mr. McCleave moved into a unit that checks all his boxes. He is now living just four blocks from his sister and brother-in-law, with whom he still eats dinner once or twice a week, in a clean, rent-stabilized building with an attentive landlord. Beyond the quality-of-life improvements he has experienced since moving to his own place, Mr. McCleave is proud that he has managed to accomplish one of his major goals.

But living on his own is not the only major goal that Mr. McCleave has accomplished in the past year. Since about 2015, Mr. McCleave has been employed at the New York Presbyterian Hospital Parking Center. He started as a driver and worked his way up to cashier and, eventually, location manager. He describes the work as very physical and fast-paced, and he often works up to 60 hours a week. In June 2021, he was promoted to facility manager, and now oversees 32 drivers and cashiers on a daily basis in addition to his auditing and other administrative responsibilities. His new role came with a 57% pay raise. He feels empowered by the respect and appreciation his supervisors have given him since he began working at the facility and is proud that the long, hard hours he has been dedicating to his job are finally starting to pay off.

The smaller goals Mr. McCleave has recently accomplished include successfully applying for health insurance through Medicare and making a group of friends with whom he regularly spends time. When not spending his free time with his friends, Mr. McCleave enjoys hiking in nature and taking photographs. He regularly walks in city parks and drives upstate to hike in the Catskills and places like Storm King State Park. He also volunteers with the Van Cortlandt Park Alliance by conducting surveys and helping on park improvement projects including trail maintenance, litter removal, and building pedestrian water crossings.

Mr. McCleave has completed nearly eight years of supervised release. His term of supervision is life – a sentence perhaps typical in the Eastern District of Tennessee, but certainly not in New York. Indeed, terms of supervised release for child pornography cases in

---

[1] As the stipulated factual basis contained in Mr. McCleave's plea agreement makes clear, there was nothing in his offense conduct that took it outside of the heartland of child pornography offenses routinely adjudicated in the New York federal courts. *See* Exhibit B, McCleave Plea Agreement, at 3-5.

the SDNY generally, and by this Court specifically, are commonly the five-year mandatory minimum term. *See, e.g., United States v. Flores*, 18-CR-207 (ALC), ECF No. 47 (SDNY Jan. 6, 2020) (imposing 5-year term of supervised release for child pornography possession conviction); *United States v. Francois*, 18-CR-630 (ALC), ECF No. 31 (SDNY June 20, 2019) (imposing 5-year term of supervised release for defendant convicted of possession of child pornography with prior conviction for same, thus facing 10-year mandatory minimum sentence); *see also United States v. Pagan*, 19-CR-320 (PGG), 2020 WL 6397931, at *1 (S.D.N.Y. Nov. 1, 2020) (imposing 5-year term of supervised release for defendant convicted of possession of child pornography); *United States v. Flores*, 14-CR-258-1 (RWS), 2015 WL 6656928, at *1 (S.D.N.Y. Oct. 30, 2015) (imposing 5-year term of supervised release for defendant convicted of possession of child pornography).

The Probation Department – specifically Officer Darryl Spencer – has concluded that given Mr. McCleave's overall compliance and positive outlook, a request for early termination will not be opposed. Given limited resources, it makes sense for the Probation Department to shift its focus to other defendants who require more assistance and oversight, and to relieve Mr. McCleave of the burden of indefinite supervision by the Court. By all indications, Mr. McCleave had done what he needs to live a productive and crime-free life. He does not need the Probation Department's services and does not present a concern for re-offending. The government, through AUSA Ashley Nicolas, informed me it takes no position as to this request.

Accordingly, I respectfully request the Court to terminate Mr. McCleave's supervision pursuant to 18 U.S.C. § 3583(e)(1).

Thank you for your consideration.

Sincerely,

/s/

Aaron Mysliwiec
*Attorney for Stanley McCleave*

Cc:   USPO Darryl Spencer (via email)
      AUSA Ashley Nicolas (via ECF)

The application is **GRANTED**.
So Ordered.

*[signature]* 11/17/21